Thank you for your indulgence while I set up here, Your Honors. Good morning, and please the Court. Stephen Hathaway on behalf of the appellants, John and Kimberly Castleman. I reserve three minutes for rebuttal, Your Honors. Can you please speak directly into the microphone? I'm having problems hearing you. Certainly, Your Honor. My apologies. I reserve three minutes for rebuttal. We'll keep track of it for you. Okay, thank you, Your Honor. I respectfully submit that this Court should reverse the decision below for the following reasons. One, statutory interpretation of the Bankruptcy Code, well-settled case law in this circuit, and statutory interpretation, the structure and policy and purpose of the Bankruptcy Code, and the equities of this case. I believe, Your Honor, that the opinions of the Court's decisions in Wilson v. Rigby and N. Ray Reed mandate the reversal of the decisions of the Courts below. In Wilson v. Rigby, this Court stated that 11 U.S.C. 541A makes clear that all legal or equitable interests of the debtor in property transfer to the bankrupt state as of the commencement of the case. You don't dispute that if they had initially filed for Chapter 7 as opposed to 13, then the title to the property would have, in essence, vested in the trustee as an asset of the bankrupt estate? I don't dispute that, Your Honor. Okay, and at that point, if the residence had been sold, then whatever the appreciation was in the value of the house would have been a benefit to the estate? Yes. Okay. And isn't that the general rule? That's the general rule in Chapter 7. I understand you're arguing for an exception based on statutory interpretation and the equities of this particular case, but the general rule is you file a 13 and it converts to a 7, it goes back, becomes part of the bankruptcy estate. That's the general rule, isn't it? Property as of the date of the bankruptcy filing, as of the date of the bankruptcy filing, is property of the converted estate, 34811 U.S.C. 348 F1A. And except, there's an exception to that in the case of a bad faith conversion. But there's no evidence or allegation of bad faith? No allegation, no evidence whatsoever of bad faith in this case. But in Wilson v. Rigby, this court found, it discussed 11 U.S.C. 541A, which all property of the bankruptcy, all property owned by the debtor at the time of filing becomes property of the bankruptcy estate. Then it goes on to talk about following this transfer, all proceeds, product, offspring, rents, or profits in order to the bankruptcy estate. So this court has distinguished that, in fact, what property is owned on the date of the bankruptcy filing is different from the proceeds, offspring, product, rents, or profits. So there's a distinction which this court has made. So they're not, at the time of filing, in this case, the property was valued at $500,000, which wasn't disputed. We exempted $124,953, I believe it was. But basically, it was a wash, right? At that point, the trustee might have been convinced to abandon the property because of the fact that between the homestead exemption and the amount of the mortgage, there was no excess. There was no excess for the chapter. If he'd filed Chapter 7 for the Chapter 7 trustee to sell. So the $200,000 increase basically occurred during the period of the Chapter 13 efforts. During the pendency to Chapter 13 and pursuant to 348 F1A. How much of that was appreciation and how much of that was pay down by the mortgage? Pay down of the mortgage. And I don't know that, Your Honor, how much is appreciation and how much is pay down. And the problem with pay down is the payments he made, how much of that is actually equity goes to principal versus how much goes to interest. So that, in and of itself, trying to determine how much is payments made would be another can of worms. But if you added up all the interest and the penalties and so on, we can't be talking about a huge amount of increase in the value of the asset, can we? Versus the payments? Yeah. Probably not. Probably not. I'd have to go. I haven't calculated that, Your Honor. I don't believe it's necessary. I believe that based on Wilson v. Rigby and in Ray Reid, that this court has determined that, in fact, appreciation is akin to 541A6 proceeds. In both cases, this court has determined it's akin to appreciation. So if it's akin to appreciation or akin to 541A6 proceeds, profits, rents, then it's post-petition. And 348F1A states clearly that in a converted case that the property converted case, the Chapter 7. In this case, my understanding of the record is that the property increased in value by some $200,000. Is that correct? Correct, Your Honor. What if it had lost value? Well, I don't think it would be an issue. I think that's the argument that's made. Would the Castlemans own that? Own the depreciation? Yeah. It wouldn't become an issue because the Chapter 7 trustee wouldn't try to sell the property. Well, you're telling me something that might happen. I just want to know if there's a different rule when the property appreciates in value as opposed to a rule when it depreciates in value. That does happen. It does happen, and no, I don't believe there's a different rule. The rule is the same. The rule from your point of view. But you're saying, as a practical matter, the trustee wouldn't pursue the asset if it was underwater at the time that it converted to Chapter 7 because there's no value there. There's no value, and the trustee's mandate is that they cannot sell the property unless they're going to realize something for creditors. So they can't just sell the property for the sake of selling the property. They have to have a – it has to realize – Mr. Hathaway, I think you have a good argument with regard to the fact that, as I understand the law, when the Chapter 13 plan is confirmed, title revests in the debtors from that point forward. But they didn't sell the house during the Chapter 13 period, and so whatever appreciation there was in the value, now it's converted to Chapter 7, and the title goes back, I guess, into the bankrupt estate. And so then I guess the question is, what do we do with the appreciation from the time the plan was confirmed until the Chapter 7 – I don't know if conversion is the right word, but until it reverted to Chapter 7. Well, when it's converted, 348 F1A provides that at the conversion, the property of the estate is the property that existed at the time of the bankruptcy filing, which pursuant to 541A is – But you just go back to the date of the filing of the original Chapter 13 petition and say that everything from that point forward belongs to the debtor. Correct, according to 348 F1A and F2. But it also, as the court pointed out, pursuant to 1307B, the property vests upon confirmation with the debtor. So under either analysis, it belongs to the debtor. So under 1307B, if the property vested with the debtor upon confirmation, then any appreciation inures to the debtor, not to the bankruptcy estate, because there is no bankruptcy estate, because it goes to the debtor at the time of confirmation. So under either analysis, from my point of view, and I believe the decisions of this circuit mandate this finding and this position, is that property of the Chapter 7 estate upon conversion does not – any appreciation does not belong to the Chapter 7 trustee. Even if the property is thereafter sold while they're in Chapter 7? The property thereafter to be sold, again, there would have to be appreciation value over and above the cost of sale and over above – But it hadn't been sold yet, but presumably there still would be some appreciation if it were sold today, given the real estate market, right? Perhaps there would be, Your Honor. I don't know if there would be enough to realize a positive – After the cost of sale and so on. After the cost of sale. I looked yesterday on what the value of – the assessed value by the Whatcom County is $697,000. That's not in the record, is it? Pardon? That's not in the record, is it? That is not in the record. It's public record, Your Honor. It's in Whatcom County records, but I think the court – But according to what is in the record, that's what the trustee's real estate agent valued this property at the time of conversion. So, in the time of conversion – Yeah, the record tells us that the property appreciated in value by about $200,000, correct? Correct. And again, my position is that that inures to the debtor. That's not property of the bankruptcy estate on the time – at the time of conversion. You wanted to save three minutes. You're at about 3.30. Thank you, Your Honor. And just for the other 30 seconds, the well-settled case law in this circuit is that – and it's been analyzed by many, many, many courts – is that post-petition appreciation in assets inure to the debtor. They're not part of the bankruptcy estate. And there's two bankruptcy appellate panel decisions. In Ray Jones, a 2009 case, which this court affirmed in 2011, found that. And a 2019 case, in Ray Black, also found that. So, there's many, many decisions in this circuit that find that post-petition appreciation inures to the benefit of the debtor. It's not part of the post-petition Chapter 7 bankruptcy estate. And I'll reserve for the remaining part of my time. Thank you. All right. Two and a half minutes. Thank you very much. We'll hear from Mr. Erickson now. It's going to take me a moment to get all the papers organized. Does the court have before it the excerpts of record in this case? We do. Because I would like to make a reference to page 114 in the excerpts of record. And that's – I think it's material that issued it. Good morning. This case has a lot of very difficult emotional issues to it. In the fact that the couple tried to do good and tried to pay off their bills. And the husband suffered a major medical situation. And the medical issue forced him to be unable to continue in Chapter 13. And it converted. The Ninth Circuit has had some wonderful judges who were very skilled in writing. The arguments that I wanted were found in about a string of six cases or seven cases. And instead of writing out what I would have said, which is not nearly the same quality, I cut and paste. I realize that's very different, but when the court's earlier decisions say exactly what I wanted to say, it is very difficult to have my ego say, I am more brilliant than a judge. The reality is, starting from back in about 1924, the United States Supreme Court decided that you had to have all of your paperwork in order when you filed a bankruptcy petition. In that case, the debtors owned almost 160 acres, I believe, a quarter section of land, farmland. And there was no homestead exemption. The wife, after the case had been in process, turned and said, I want to get a homestead exemption. The Supreme Court said what was important was the date of filing the petition. The petition in this case, the debtors constantly talk about all of their interests and so forth, but they haven't addressed the series of cases that the trustee has submitted. And the trustees' cases essentially say, what rights you have, good, bad, or indifferent, take place as of the date of filing the petition. And that's what the case is attuned to.  And that basically summarized all of the preceding cases and said, as of the filing of the date of petition, everything is determined. So you're saying it really doesn't matter that the Chapter 13 plan was confirmed and title revested in the Castleman's because ultimately they failed to fulfill their Chapter 13 plan and went back into Chapter 7. And so the only date that matters is the original date that the petition was filed. That is the date. And when I got this order on 245 last Friday and here we are early Tuesday morning, I didn't get a chance to do a great brief response. Well, we do that because we don't like the deer-in-the-headlight look that we otherwise get when we pose a question like that. And Council hasn't been given fair warning that we're wrestling with these issues. So we hope they're helpful. Well, I would suggest that we need to take, at this point in time, a trip to the Excerpts of Record, page 114. We find on that page a docket entry from the Bankruptcy Court of number 32. That 32 docket entry continues over to page 115. Paragraph 7 in that order says, All property of the debtor and the estate shall remain under the exclusive jurisdiction of the court. That does not sound like the court revested the property in the debtor. Well, the fact that the court continues to have authority to enter orders and so on doesn't answer the question, though, of who has title when. That's the issue that basically comes up. You're completely ignoring the case law on the revesting of title when the Chapter 13 plan is confirmed because you have to admit that at that point the trustee doesn't have that asset in the estate, does he or she? I think the way the order is entered, and it's entered pursuant to a local bankruptcy court rule, it is an attempt to hold all the property in the control of the court, and the debtor does not have the ability to sell it. By simply retaining jurisdiction, the court has somehow by inference exempted the revesting rule from being applicable at all in this case. Is that what you're arguing? That's the bankruptcy court's position. I'm not sure bankruptcy courts say that. I mean, it's a clever argument, but I think you're asking us to read too much into simply maintaining control over the case. Shall I count the bloody noses I've incurred as I've tried to go and say that the matter properly revested in cases? I mean, the reality is I've asked and been told otherwise. And I did see, I mean, there are districts apparently around the country that enter standard orders that's saying there will be no revesting. I don't know how they have the authority to do that, but they do it. Well, Section 1328, I believe it is. 1327, Section 1327, the effect of confirmation. Subparagraph B, except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. Except as otherwise provided. You say that the bankruptcy court did otherwise provide. That is correct, Your Honor. It's the way the law reads. Congress is the one that writes them. I have to try to read them. You have to interpret them. It just seems a slender read to me. Let me ask you this. Even if we assume that the order that you read at ER 114 to 115 didn't actually prevent revesting so that it vested the property of the estate in the debtor when the Chapter 13 plan was confirmed, what's the effect then of 348F, which seems to say, have a different reading about what happens once there is a conversion. How do we read those two statutes together? Section 348 says that whatever is property of the debtor or whatever is property of the estate, either one or both, when the case is converted to Chapter 7, that the debtor had at the time that Chapter 7 was filed. Now, I believe the order that the court issued last week talked about a Barra case. It's a Tenth Circuit. A Tenth Circuit case. And in that case, the issue in question is the debtor filed a Chapter 13. The plan was confirmed by the court. The property revested in the debtor. The debtor sold the house and now has his bag of gold coins. And the trustee says, I want those gold coins. But the statute says you don't get them because house is not gold coins. Well, how do you get around, though, our Wilson line of authority that says that appreciation constitutes proceeds, particularly where the house was sold during the Chapter 13, I'll call it the work out. I don't know if that's a – That's one of the terms. Yeah. So why wouldn't that inure to the benefit of the debtor if the house was sold before the Chapter 7 conversion occurred later? The problem is Congress wrote the law. Congress does not understand bankruptcy at all. And the more you wander through the bankruptcy code, the more you'll realize they don't understand it. If you take Section 541A, it lists what is property of the estate at the time a case is filed. You get to Section 348 and say what happens when the case converts from 13 to 7, and we all of a sudden find that the case, it doesn't reconcile. There is no way to reconcile the two statutes. And Judge Martinez out of the New Mexico court very clearly articulated that and simply – that's what you're dealing with. We are dealing with an imperfect law. All right. Now, let us go back a moment and two or three. And we have in relation to the question of what is property of the estate, we have an opinion in the Christopher Barclay v. Dijon-Boskoski case. It is decided by this court in November 14 of 2022. I have it in the papers that was going to be put in a handout. There it is. No, it's not the right one. It is a published opinion. And in that case, the debtor had some property. A creditor put a lien on the property. Fourteen years later, the house or the debtor had not had enough equity in the property to exceed the amount of the lien. Fourteen years later, the property decreased in value. The homestead exemption statute changes dramatically. And the debtor comes before this court and says, I want to have the homestead exemption. And the court very carefully did it correctly and found that the case was, what do you call it, that the property, pardon me, the homestead exemption of the new $600,000 was what was pertinent because that was the exemption as of the date of filing the petition.  We looked back to the date of the petition and applied the homestead exemption as it existed at that time. Now, there is Klein v. Anderson, which is a Ninth Circuit decision. You can just affirm the BAP, it's a very well-written BAP opinion. In that case, the debtor filed bankruptcy, got married before the Section 341 meeting of creditors, which was within 30 days of the 341 meeting, got married, filed bankruptcy, got married, claimed a homestead exemption for her interest in the real property. Trustee said, I want. She obviously didn't have good faith or whatever. This court said, what took place as of the date of filing, not what happens afterwards, is what matters. And that's consistent with a long series of cases that basically says everything happens as of the date and instant of filing. And under those circumstances, we have some very complex issues in front of the court, but I think the decision really comes down to the court has to look at what happened at filing. The interest of the Castleman's was limited to $145,000 exemption, less the $77,000 that they couldn't claim as exempt. That is what the court has said. That is the expectancy they have when the property sells. If the property declines in value, there isn't that money to give them. Trustee can't sell it. All the appreciation goes to the trustee for the benefit of creditors. We may not like what it is, but we have to deal with what did the court rule or what did Congress create? And this is what we're dealing with. As I said, Congress does not have the skills and writing that others do. Thank you. Thank you for your argument. Put three minutes on the clock. He went over a little bit, so I'm giving you some of it back. I appreciate that, Your Honor. I do. Counsel for the trustee is trying to distract the court, saying the homestead is set at the time of filing. I don't dispute that. You're not claiming $600,000. I'm not claiming $600,000. The homestead, but the equity in this house was claimed as exempt at the time of filing. Is it fundamental to your argument that there's a difference between the property itself and the appreciation of its value? It's my position that it is. Granted, my gray hair, I have gray hair now, but when I – At least you have some. You said it, not me. That's what my barber says, though. In any event, Your Honor, the value of the homestead, there is no – all the value of this property was exempt at the time of filing. So your argument is, if I can characterize it, tell me if I'm wrong, pure, plain meaning. That is, the word property under 348 means the real property. Any property. Yeah, and not its appreciation and value. Not its appreciation. I believe that's the holding of this court. In both Rigby and Reed, that's the holding of this court, that they are separate.  And then 541A6 is appreciation, which is included in proceeds and product and rents and whatnot. Are you saying that the value of – so we're not just talking about the property of the estate at the time of filing, you're saying the property of the estate and the value of the property is frozen at the time of filing. So as the value of the property changes from time to time, whether it appreciates or depreciates, that's not – that's something separate from the property. I mean, I find that hard to understand, because normally we think of the property as the house, and its value may vary from time to time. But you don't think of the value as being separate from the house. So help me understand how that could be. The 348, Your Honor, A1 states that property of the converted estate is the property of the estate at the time of the bankruptcy filing. At the time of the bank – That's the house. The property at the time of the filing is the house. It doesn't say the house plus its – and the value also is frozen at that time. So that's what I don't understand. And that's my gray hair analogy, Your Honor. At the time of birth, at the time I was filed, at the time I arrived here, I did not have gray hair. And granted, I have gray hair now, and lots of it, but it's not something I had at the time of the filing of this case. And that's my distinction. And I believe that's what this court has found in Ray Reed and Wilson v. Rigby, that they are, in fact, separate. And aside from that, under 1307B, at the time of filing – or at the time of confirmation, the estate – or the real estate was taken out of the estate and inured to the debtor, and therefore the appreciation inured to the debtor and doesn't become property of the bankruptcy estate. You're over your time. Thank you for your argument. Thank you. Thank both counsel for their argument. I hope you'll remain friends for the rest of your bankruptcy careers on whichever side of the coin you're on. And Castleman v. Trustee Berman is argued and submitted, and the court stands in recess for the day.
judges: HAWKINS, TALLMAN, IKUTA